IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CATHERINE L. BRADICA,          )
                               )
        Petitioner,             )
                               )
                               ) Crim. Action No. 06-07
    v.                          ) Civil Action No. 12-1444
                               )
UNITED STATES OF AMERICA,       )
                               )
        Respondent.             )

MEMORANDUM

Gary L. Lancaster,
Chief Judge.                                    February 6, 2013

This is a motion to vacate, set aside, or correct sentence pursuant to U.S.C. § 2255.[1] On February 19, 2008, petitioner, Catherine L. Bradica, pled guilty to seventeen counts of mail fraud in violation of 18 U.S.C. § 1341, nine counts of major fraud in violation of 18 U.S.C. § 1031, and two counts of conspiracy to commit an offense against or defraud the United States in violation of 18 U.S.C. § 371. On April 17, 2009, this court sentenced Bradica to 41 months of incarceration with three years of supervised release, imposed an assessment of $2,800.00, and also required her to make restitution in the amount of $1,120,666.10.

On October 5, 2012, Bradica petitioned this court pro se to vacate, set aside, or correct her sentence alleging she

---

[1] All docket references in this opinion refer to U.S. v. Bradica, Crim. No. 06-07 (W.D. Pa. filed Jan. 6, 2006).

was denied effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution.[2] Specifically, she requests that the court "revoke restitution and probation" [doc. no. 300 at 13] on grounds that her trial and appellate counsel failed to: (1) respond to written communications from her; (2) submit certain documents into evidence; and (3) challenge a search warrant as well as the admission of one of her investigation interviews.

The government opposes the motion on the basis that Bradica was not denied effective assistance of counsel, that all of her claims are impermissibly vague and conclusory, and that some of her claims are procedurally barred and/or were raised and litigated previously. For the reasons set forth below, we will deny the motion without a hearing.

I. FACTUAL BACKGROUND

    A. The Criminal Case

The parties are familiar with the background and issues in this case. Therefore, we will recount only the essential facts. Other readers are referred to this court's Tentative Findings and Rulings [doc. no. 236].

---

[2] A pro se pleading is held to less stringent standards than pleadings drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Thus, a pro se habeas petition should be construed liberally. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998).

Bradica was employed by Capco Contracting ("Capco"), a privately held corporation in McKeesport, Pennsylvania. Bradica was the Controller, second in charge, and oversaw Capco's financial, payroll, and accounting operations, including the issuance of expense checks. On January 6, 2006, a federal grand jury returned an indictment charging Bradica with 27 counts of mail fraud in violation of 18 U.S.C. §§ 1341 and 1342, nine counts of major fraud against the government in violation of 18 U.S.C. §§ 1031 and 1032, and three counts of conspiracy in violation of 18 U.S.C. § 371 [doc. no. 2].

These counts include allegations against Bradica for false billing on contracts between Capco and AMEC Corporation (AMEC) for the reconstruction of the Pentagon after September 11, 2001. The indictment also included counts against Bradica for false billing related to Capco's work on the construction of PNC Park and the Peterson Events Center, both located in Pittsburgh, Pennsylvania. On February 19, 2008, the court severed the counts involving PNC Park and the Peterson Events Center and later dismissed them with prejudice. That same day, Bradica pled guilty to certain of the counts relating to the Pentagon reconstruction.[3]

---

[3] Bradica did not enter into a plea agreement and did not waive her right to appeal.

Utilizing the 2007 Guidelines Manual, the Pre-sentence Investigation Report ("PSR") assigned a base offense level of 6 through application of U.S.S.G. § 2B1.1 and the grouping rules of U.S.S.G. §§ 3D1.2 and 3D1.4. The PSR then calculated loss under U.S.S.G. § 2B1.1(b)(1)(I) as $1,120,666.10. This resulted in an additional 16-level enhancement. Finding that Bradica abused a position of trust, the PSR further added an additional 2 levels. It next applied a 2-level reduction for acceptance of responsibility, which resulted in an adjusted total offense level of 22. Bradica received a criminal history category of I. The resulting Guidelines range was 41 to 51 months of imprisonment. Bradica objected to the PSR, particularly the calculation of financial loss resulting from her actions (the "loss calculation"). Bradica objected to the accuracy of the loss calculation and asked for a downward departure due to an alleged overstatement of loss. She also requested a variance at sentencing. Thomas Livingston of the Federal Public Defender's Office represented Bradica at her arraignment, plea, and at sentencing.

On January 27, 2009, this court held an evidentiary hearing to resolve the amount of loss and restitution issues. After the evidentiary hearing, we issued Tentative Findings and Rulings, finding in favor of the Government and supporting the

conclusions of the PSR. We also denied Bradica's request for a downward departure and a downward variance.

At sentencing on April 17, 2009, we adopted the PSR and our Tentative Findings and Rulings and assigned Bradica an offense level of 22, a criminal history category of I, and a corresponding Guideline Range of 41 to 51 months of incarceration. We then imposed a sentence of 41 months incarceration, which is the minimum of the guideline range.

B. The Appeal

Following her sentencing, Bradica appealed. Karen Gerlach of the Federal Public Defender's Office represented Bradica during her appeal. Bradica's appeal was premised on her contention that this court: (1) overstated the seriousness of her offense because of its inaccurate loss calculation; (2) committed error by failing to sufficiently consider and discuss, on the record, its reasons for rejecting her request for a downward departure; (3) committed procedural error by failing to consider one of the section 3553(a) factors; and (4) failed to issue a ruling on the downward variance she had requested. The Court of Appeals for the Third Circuit rejected Bradica's arguments and affirmed Bradica's sentence on March 8, 2011. United States v. Bradica, 417 F. App'x 139, 142 (3d Cir. 2011) cert. denied, 132 S. Ct. 330 (U.S. 2011).

## II. STANDARD OF REVIEW

The federal habeas statute permits an individual in custody to petition a court for release on the ground that her sentence was imposed in violation of the Constitution or the laws of the United States. 28 U.S.C. § 2255(a). Post-conviction relief is available only in "exceptional circumstances" to correct either "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428 (1962).

### A. Procedural Default Rule

Because a section 2255 motion is a collateral attack on a sentence, "a [petitioner] must clear a significantly higher hurdle than would exist on direct appeal" in proving that she is entitled to relief. U.S. v. Frady, 456 U.S. 152, 166 (1982); U.S. v. Davies, 394 F.3d 182, 189 (3d Cir. 2005). In seeking collateral review under section 2255, "a movant ordinarily may only raise claims in a 2255 motion that [s]he raised on direct review" and will have "procedurally defaulted all claims that [s]he neglected to raise on direct appeal." Hodge v. U.S., 554 F.3d 372, 378-79 (3d Cir. 2009) (citation omitted). However, a movant will be exempted from the procedural default rule if she can prove "that there is a valid cause for the default, as well as prejudice resulting from the default." Id. A petitioner

need not demonstrate cause and prejudice when raising a claim of ineffective assistance of counsel for the first time in a collateral attack. Massaro v. United States, 538 U.S. 500, 504 (2003) (holding that an "ineffectiveness" claim can be brought in a collateral proceeding under section 2255 regardless of whether the same issue could have been addressed on direct appeal). Plausible ineffective assistance of counsel claims that, if proven, would rise to the level of Sixth Amendment violations, constitute cause to excuse procedural default. See Hodge, 554 F.3d at 379 (citations omitted).

B.  Ineffective Assistance of Counsel

The Supreme Court of the United States has stated that the "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 687 (1984). Under Strickland, the petitioner is required to prove: (1) deficient representation, meaning that counsel's representation fell below an objective standard of reasonableness, and (2) prejudice, meaning there is a reasonable probability that, but-for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 668, 687. A petitioner's failure to satisfy one of these elements negates a district court's need to consider the other;

7

furthermore, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id. at 697. The Court in Strickland explained that "if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." Id.

Under the first prong of the Strickland test, an attorney renders constitutionally defective legal assistance in a criminal proceeding "when his performance [falls] below an objective standard of reasonableness, given the particular circumstances of the case at hand," and the defendant is more likely than not prejudiced as a result. Hodge, 554 F.3d at 379 (quoting Strickland, 466 U.S. at 688-89). An attorney does not act unreasonably or prejudice his client when he declines to raise a meritless argument. Real v. Shannon, 600 F.3d 302, 309 (3d Cir. 2010). This court must be deferential to counsel's tactical decisions, must not employ hindsight, and must give counsel the benefit of a strong presumption of reasonableness. See Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir. 1994). As the court of appeals held in Werts v. Vaughn, 228 F.3d 178, 190 (3d Cir. 2000), "ineffectiveness will not be found based on a tactical decision which had a reasonable basis designed to serve the defendant's interests." Moreover, "[w]hen counsel focuses

on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons rather than through sheer neglect." Yarborough v. Gentry, 540 U.S. 1, 8 (2003); Jacobs v. Horn, 395 F.3d 92, 118 (3d Cir. 2005).

Under the prejudice prong of the Strickland test, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is 'a probability sufficient to undermine confidence in the outcome.'" U.S. v. Hankerson, 496 F.3d 303, 310 (3d Cir. 2007) (quoting Strickland, 466 U.S. at 694). Accordingly, the movant will not be entitled to relief "unless [she] affirmatively establishes the likelihood of an unreliable verdict." McAleese v. Mazurkiewicz, 1 F.3d 159, 166 (3d Cir. 1993).

The Strickland test applies to the performances of both trial and appellate counsel. Lewis v. Johnson, 359 F.3d 646, 656 (3d Cir. 2004). To satisfy the prejudice requirement, the petitioner must show that "there is a reasonable probability that the result of the appeal would have been different had counsel's stewardship not fallen below the required standard." United States v. Mannino, 212 F.3d 835, 845 (3d Cir. 2000). The test under Strickland for a claim of ineffective of appellate counsel is "not whether petitioners would likely prevail upon

9

remand, but whether [the court of appeals] would have likely reversed and ordered a remand." Id. at 844.

Additionally, and critically, a claim of ineffective assistance must identify the specific error(s) counsel has made. Conclusory allegations are not sufficient to support a motion under section 2255. Blackledge v. Allison, 431 U.S. 63, 74 (1977). See also U.S. v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Zettlemoyer v. Fulcomer, 923 F.2d 284, 298 (3d Cir. 1991) (a petitioner "cannot meet his burden to show that counsel made errors so serious that his representation fell below an objective standard of reasonableness based on vague and conclusory allegations that some unspecified and speculative testimony might have established his defense. Rather, he must set forth facts to support his contention.") (citation omitted).

C. Evidentiary Hearing

A district court is ordinarily required to hold an evidentiary hearing on a section 2255 petition "[u]nless the motion and the files and records of the case conclusively show that the [petitioner] is entitled to no relief." § 2255(b); U.S. v. Lilly, 536 F.3d 190, 195 (3d Cir. 2008).

III. DISCUSSION

On October 5, 2012, Bradica filed her section 2255 motion [doc. no. 300], raising for the first time that she

10

received ineffective assistance of counsel at both the trial and appellate level. Specifically, Bradica contends that her trial and appellate counsel: (1) failed to respond to written communications from her dated May 15, 2011 and March 17, 2012, which requested certain documents and information; (2) failed to submit certain documents into evidence; and (3) failed to challenge a search warrant and the admission of one of her investigation interviews. She seeks the revocation of this court's order of restitution and probation [doc. no. 300 at 13].

In response, the government argues that Bradica's claims are impermissibly vague and conclusory, that some of her claims were raised and litigated previously, that several of her claims are procedurally barred because she failed to raise them on direct appeal, and that none of the claims meets the standard required to demonstrate ineffective assistance of counsel.

In reviewing a section 2255 petition, a district court may consider only those claims previously raised on direct appeal, unless there is good cause for the petitioner's previous failure to raise them. Hodge, 554 F.3d 378-79. A claim for the "[i]neffective assistance of counsel that rises to the level of a Sixth Amendment violation constitutes cause for a procedural default." Id. at 379. Therefore, to determine whether Bradica may proceed on her ineffective assistance of counsel claims, the court must first determine whether her counsel's alleged

11

deficient performance rose to the level of a constitutional deprivation of the right to counsel. <u>Id</u>. A review of the record shows that Bradica cannot meet this burden and that Bradica's claims for relief lack merit. We will, therefore, deny Bradica's motion to vacate her sentence without holding an evidentiary hearing.

    A.    <u>Counsel's Failure To Respond to Written Communications</u>

The first ground for relief set forth in Bradica's motion to vacate on the basis of ineffective assistance arises out of her counsel's failure to respond to letters from her dated May 15, 2011 and March 17, 2012. However, she fails to articulate any resulting prejudice and, thus, her assertions are vague and conclusory. Furthermore, the timing of the letters is such that counsel's failure to respond could not possibly have affected her legal proceedings or prejudiced her. Bradica entered a guilty plea on February 19, 2008. Bradica's appeal was denied on March 11, 2008 and she was sentenced on April 17, 2009. Bradica composed the letters at issue on May 15, 2011 and March 17, 2012, over three years after her guilty plea. Because Bradica has failed to demonstrate that counsel's alleged failure to respond to the letters could have prejudiced her decision to plead guilty or the outcome of any of Bradica's legal proceedings, including her appeal, her motion to vacate her sentence on this basis is without merit and will be denied.

B.  Counsel's Failure To Enter Certain Documents Into Evidence

Next, Bradica submits that her legal representation was deficient because counsel did not enter certain documents into evidence, including a Defense Contract Audit Agency ("DCAA") letter dated June 24, 2002 setting forth annual cost rates, two AMEC change orders dated July 11, 2002 and November 4, 2004 along with their attachments, and an email from Bradica to forensic accountant Mike Rollage dated April 8, 2009. Bradica does not specify in her motion which of her counsel, trial or appellate, failed to enter these documents or, more importantly, why the documents are important or how counsel's failure to enter them into evidence was unreasonable or prejudicial. For this reason alone, this claim also fails for being vague and conclusory. Thomas, 221 F.3d at 437 ("[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court.").

Nonetheless, the court will assume, based on documents attached to Bradica's pro se motion, that Bradica's contention is that these documents, if they had been submitted, would have impacted her loss calculation. Bradica does not appear to contend that her counsel hid these documents from her or made misrepresentations about them to induce her to plead guilty.

13

Rather, Bradica seems to indicate that both she and her counsel were aware of the allegedly exculpatory documents, but that her counsel did not enter them evidence. Again, a review of the record shows that Bradica has not met her burden in establishing a Sixth Amendment ineffectiveness claim.

It is well settled that a motion pursuant to section 2255 may not be used to relitigate matters already decided on direct appeal. Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1074-75 (3d Cir. 1985); United States v. Orejuela, 639 F.2d 1055, 1057 (3d Cir. 1981). Here, the amount of loss issue has been litigated extensively. The issue was addressed at length during the parties' evidentiary hearing [doc. no. 277], as well as in sentencing memoranda exchanged between the parties [doc. nos. 238, 239]. In addition, Bradica raised this issue in her appeal. As did this court, the court of appeals rejected Bradica's contention that the loss calculation overstated the seriousness of her conduct. Bradica, 417 F. App'x at 143. Instead, the court of appeals held that the "loss ascribed to the Pentagon was attributable, based on the evidence, to Bradica." Id.

Bradica also cannot establish that counsel's failure to submit these documents into evidence was unreasonable or that it prejudiced her in any way. Although every criminal defendant has a Sixth Amendment right to "reasonably effective [legal]

14

assistance," not every alleged poor performance gives rise to a constitutional violation. <u>Strickland</u>, 466 U.S. at 687. The documents attached to Bradica's motion are not "new evidence," as she contends in her motion. As controller, Bradica would have been aware of, and had access to, the 2002 DCAA Audit letter, as well as the 2002 and 2004 AMEC change orders prior to her guilty plea and sentencing. Nonetheless, Bradica acknowledged on January 27, 2009 that her defense to the government's claims against her was not viable [doc. no. 277 at 182:16-183:3]. As the government highlights in its brief, Bradica admitted at her evidentiary hearing that, at the time she pled guilty, she did not agree with the loss amounts as calculated by the government [doc. no. 277 at 183:2-6].

Bradica has failed to show how the documents, or her self-generated email to Mr. Rollage in April of 2009, would have altered her decision to enter a guilty plea or the outcome of her proceedings. The mere fact that Bradica may have disagreed with the precise manner in which her loss amount was calculated, or that alternative avenues of inquiry may have existed, does not establish that her counsel's performance was objectively unreasonable. To the contrary, as the government points out, Mr. Livingston was a vigorous advocate of Bradica's position with regard to the government's loss calculation. That Bradica's loss calculation differed from the one set forth by

the government, and the one ultimately adopted by this court and affirmed by the court of appeals, does not render her trial or appellate counsel's representation ineffective. Moreover, Bradica cannot establish that there is a reasonable probability that the entering of these documents into evidence would have produced a different result in this case, especially where the documents are not "new evidence" and the issue was so extensively litigated. As a result, she also has failed to show that her claim rises to the level of a Sixth Amendment violation and, thus, cannot establish cause to excuse procedural default. Hodge, 554 F.3d at 379. Accordingly, the court finds that Bradica is not entitled to relief under section 2255 based on these grounds.

C. Counsel's Failure to Challenge Search Warrant and Admission of Interview

The fourth ground in Bradica's motion to vacate is that she was denied effective assistance because her counsel failed to properly challenge the search warrant, "which contained several false statements" [doc. no. 300 at 8] and submitted her interview to the court, "even though [Bradica] told him there were misstatements and information missing" [id.]. The record conclusively shows that this claim does not present a colorable basis for relief under section 2255. Bradica's motion contains nothing other than her unsupported

assertion that counsel was ineffective; her claims are, thus, impermissibly vague and conclusory. Zettlemoyer, 923 F.2d at 298. The court can glean no information whatsoever from Bradica's motion as to which search warrant she claims contained false information, what the false information included, or how a motion to suppress would have impacted her case. With regard to the interview, trial counsel stated at Bradica's evidentiary hearing that Bradica "told the Court [that] parts of it are true, parts of it are not" [doc. no. 277, 389]. Thus, the court can only presume that the decision not to raise the issue on appeal was a tactical one. See Jacobs, 395 F.3d at 118 (when counsel focuses on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons rather than through sheer neglect).

Here, Bradica has not even attempted to show that she would not have pled guilty and would have proceeded to trial but for counsel's allegedly ineffective performance. Bradica's decision to plead guilty was based on her recognition that she had no viable defense to the government's claims against her [doc. no. 277 at 182:16-183:3]; there is nothing to suggest that the search warrant or interview report impacted Bradica's recognition of the weakness of her case. She also has not attempted to show that her sentence, specifically with regard to restitution and probation, would have been impacted in any way

had counsel moved to suppress the search warrant or interview report. Having failed to support her section 2255 motion with anything but vague and conclusory assertions, she is not entitled to habeas relief on these grounds. Furthermore, because her ineffective assistance of counsel claim does not rise to the level of a Sixth Amendment violation, her claim is also procedurally barred. Hodge, 554 F.3d at 379.

### D. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." As the foregoing discussion makes clear, Bradica has failed to make a substantial showing of a denial of a constitutional right. Therefore, a certificate of appealability will not issue in any respect. See Santana v. United States, 98 F.3d 752, 757 (3d Cir. 1996).

## IV. CONCLUSION

For the reasons set forth above, petitioner's motion to vacate her sentence pursuant to 28 U.S.C. § 2255 is denied. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CATHERINE L. BRADICA, )
 )
    Petitioner, )
 )
 ) Crim. Action No. 06-07
v. ) Civil Action No. 12-1444
 )
UNITED STATES OF AMERICA, )
 )
    Respondent. )

ORDER

AND NOW, this 6th day of February, 2013, IT IS HEREBY ORDERED that petitioner's motion to vacate, set aside, or correct sentence [Crim. No. 06-07, doc. no. 300] is DENIED.

IT IS FURTHER ORDERED that a Certificate of Appealability SHALL NOT ISSUE with respect to the court's order dismissing petitioner's section 2255 motion, for the reasons set forth in the accompanying opinion.

_____, C.J.

cc: All Counsel of Record

    Catherine Bradica, pro se
    459 Massachusetts Ave. NW
    Washington, DC 20001